IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ARTHUR RUGGLES,

    Petitioner,                    No. 2:11-cv-2624 KJN P

    vs.

MATTHEW CATE, Director,       <u>ORDER AND</u>

    Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations. Despite being granted an extension of time, petitioner has not filed an opposition to the motion.[1] For the reasons set forth below, respondent's motion to dismiss should be granted.

////

////

---

[1] Mail sent to petitioner has been returned to the court on two occasions.  The second return entered December 14, 2011, was marked "paroled."  The CDCR inmate locator reflects no inmate bearing petitioner's name or inmate identification number currently in CDCR custody.

1

II. <u>Statutory Tolling</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

The relevant chronology of this case is as follows:

1. Petitioner was convicted on May 1, 2008, of corporal injury to his spouse with great bodily injury. (Dkt. No. 1 at 1.) In a bifurcated proceeding, the trial court found petitioner had suffered one prior strike conviction, and a prior serious felony conviction. (Respondent's Lodged Document ("LD") 1-2.) On July 17, 2008, petitioner was sentenced to eighteen years in state prison. (Dkt. No. 1 at 1.)

2. Petitioner appealed, and on January 13, 2010, the California Court of Appeal, Third Appellate District, affirmed the judgment. (LD 2.)

3. On February 12, 2010, petitioner filed a petition for review in the California Supreme Court. (LD 3.) The California Supreme Court denied the petition for review on March 24, 2010. (LD 4.)

4. On June 18, 2008,[2] petitioner filed a petition for writ of habeas corpus in the Butte County Superior Court. (LD 5.) On June 25, 2008, the petition was denied. (LD 6.)

5. On October 3, 2011, petitioner filed a petition for writ of habeas corpus in the Butte County Superior Court. (LD 7.) The petition was denied on November 4, 2011. (LD 8.)

6. Pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed on October 3, 2011. (Dkt. No. 1.)

The statute of limitations begins to run when the petitioner's criminal judgment becomes final. The California Supreme Court denied the petition for review on March 24, 2010. (LD 4.) Petitioner's conviction became final ninety days later, on June 22, 2010, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on June 23, 2010. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on June 23, 2011.

The limitations period commenced on June 23, 2010. Petitioner's first state court petition was filed on June 18, 2008, prior to the beginning of the limitations period, and therefore does not toll the statute of limitations period. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). Petitioner's second state court petition was filed on October 3, 2011, after the statute of limitations period expired on June 24, 2011. State habeas petitions filed after the one-year statute of limitations period has expired do not revive the statute of limitations and have no

////

---

[2] Both of the petitions for post-conviction relief are given the benefit of the mailbox rule. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, petitioner is not entitled to statutory tolling, and this action is time-barred unless petitioner can demonstrate that he is entitled to equitable tolling.

III.  Equitable Tolling

As noted above, petitioner failed to oppose the instant motion.  In the petition signed October 3, 2011, petitioner states that

> during the past year the [CDCR] has been going through a population decrease and [his] personal property was including and not limited to all my legal work was packed and stored pending transfer of inmates to comply with Federal Court Orders.  Through the proper institutional procedures [he] was able to finally track down and collect [his] legal property.  [Plaintiff] understand[s] that [his] deadline per the "AEDPA" was in fact on March 23, 2011.  Due to powers beyond [his] control [he] was treated as an inmate who wanted access to his personal property, in fact [he] had a deadline and hope that [he] may still be accepted by the court.

(Dkt. No. 1 at 14.)  Respondent did not address this argument in the motion to dismiss.

a.  Legal Standards

In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances."  To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Ninth Circuit explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted),

1  cert. denied, 130 S. Ct. 244 (2009). It is petitioner's burden to show that he is entitled to
2  equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026
3  (9th Cir. 2005). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very
4  high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)
5  (citation omitted). A petitioner may be entitled to tolling if he is denied access to legal papers
6  despite his repeated requests for them. See, e.g., Espinoza-Matthews, 432 F.3d at 1027-28
7  (equitable tolling applies if, despite the petitioner's diligence in seeking his legal file, he is not
8  provided access during the limitations period); Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir.
9  2002) (if established, denying a prisoner access to his legal files during two temporary transfers
10 which lasted eight days would satisfy the "extraordinary circumstances" requirement for
11 equitable tolling). However, a "temporary deprivation of an inmate's legal materials does not, in
12 all cases, rise to a constitutional deprivation." Id. at 925.
13        b.  Analysis
14        While the deprivation of legal materials for a year may constitute "extraordinary
15 circumstances," petitioner must still demonstrate he made reasonably diligent efforts to both
16 obtain his legal materials as well as pursue his rights. Here, petitioner fails to articulate the
17 specific dates his legal materials were taken from him, and does not set forth what efforts he
18 took, if any, to obtain access to his legal materials during the "past year" petitioner references in
19 the petition. Prisons have procedures in place to allow inmates to access their legal materials, as
20 well as an administrative grievance system in which to alert prison officials to such a deprivation.
21 Plaintiff fails to allege his efforts, if any, to avail himself of these procedures.
22        Although not entirely clear, it appears petitioner also claims his requests for his
23 property were treated as requests for personal property rather than legal property. However,
24 petitioner fails to articulate what steps he took to clear up any such misunderstanding. Petitioner
25 acknowledges he was aware there is a one year federal statute of limitations period. But
26 petitioner fails to articulate facts showing he pursued his rights diligently. In addition, petitioner

provides no factual allegations as to his efforts to pursue his rights during the three months prior to the one year period his legal materials were packed and stored.  The statute of limitations period commenced on June 23, 2010, and the date of October 3, 2010, is one year prior to the date petitioner signed the petition, leaving a little over three months before petitioner's legal materials were stored for petitioner to pursue habeas relief.  Petitioner provides no facts to support application of equitable tolling for this period of just over three months.

Finally, petitioner failed to file an opposition to the motion to dismiss.

For all of these reasons, petitioner failed to meet his burden to show that he is entitled to equitable tolling, and this action should be dismissed as barred by the statute of limitations.

V. Conclusion

Accordingly, respondent's motion to dismiss should be granted.

IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Respondent's December 15, 2011 motion to dismiss (dkt. no. 7) is granted; and

2. This action is dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any reply to the objections shall be served and filed within fourteen days after

1  service of the objections.  The parties are advised that failure to file objections within the

2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

3  F.2d 1153 (9th Cir. 1991).

4  DATED:  February 29, 2012

```
                              _____
                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE
```

9  rugg2624.mtd