IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ARTHUR RUGGLES,

    Petitioner,               No. 2:11-cv-2624 KJN P

    vs.

MATTHEW CATE, Director,

    Respondent.         ORDER

_____/

        Petitioner is a state prisoner, proceeding without counsel, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 15, 2011, respondent filed a motion to dismiss this action on the ground that it was filed beyond the statute of limitations. Petitioner did not file a timely opposition, and on January 26, 2012, petitioner was ordered to show cause within thirty days why his failure to oppose the motion should not be deemed a waiver of an opposition, and he was directed to file an opposition to the motion.  Thirty days passed, and the court did not receive a response to the order to show cause or an opposition, and on March 1, 2012, the court issued findings and recommendations recommending that respondent's motion to dismiss be granted as the petition is barred under the statute of limitations.

        Petitioner's response to the order to show cause, presented to prison officials for

1

mailing on February 27, 2012, was entered on the court docket on March 2, 2012. (Dkt. No. 13.) On March 14, 2012, petitioner's exhibits to the response to the order to show cause were filed. (Dkt. No. 15.) Petitioner did not file a separate opposition to the motion to dismiss.

Petitioner concedes that he filed the instant petition after the statute of limitations period expired. (Dkt. No. 13 at 2.)

Initially, the court determines petitioner's response to the order to show cause was timely. Thirty days from January 26, 2012, ran on Saturday, February 25, 2012; thus, the deadline was extended to Monday, February 27, 2012. See Fed. R. Civ. P. 6(a)(1)(c) ("if the last day is a . . . Saturday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.") This deadline was further extended by three days, to allow for service by mail, to Thursday, March 1, 2012. See Fed. R. Civ. P. 6(d); 5(b)(2)(C). Petitioner presented his filing to prison officials for mailing on February 27, 2012. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Thus, petitioner's filing was timely. The court turns now to the substance of petitioner's filing.

First, it appears petitioner did not receive the court's March 1, 2012 order and findings and recommendations. Accordingly, the Clerk of the Court is directed to send petitioner a copy of the order and findings and recommendations. (Dkt. No. 12.)

Second, petitioner appears to seek a stay to return to state court to exhaust claims not included in his initial state court habeas petition. However, as set forth in the March 1, 2012 findings and recommendations, the instant petition is barred by the statute of limitations. Because the instant petition is time-barred, staying this action to allow petitioner to return to state court to exhaust his state court remedies would be futile. Smith v. Horel, 2008 WL 2038855, *5 (C.D. Cal. 2008) (grant of stay is inappropriate because federal petition was untimely.) In addition, because the instant petition is untimely, there is no good cause to grant a stay. See Rhines v. Weber, 544 U.S. 269, 275 (2005) (the stay and abey procedure may protect a petitioner

who has timely filed a mixed petition in federal court from the AEDPA statute of limitations bar after exhausting remedies in state court).[1]

Third, petitioner now claims he is actually innocent. While not entirely clear, it appears that petitioner contends that the fact that his ex-wife died from a fall in 2009 demonstrates that rather than being beaten by petitioner, his ex-wife could have similarly fallen in 2008, as petitioner contended at trial.

The Supreme Court has held that a court may consider an otherwise procedurally defaulted claim for habeas relief if the court's failure to hear the claim will result in a miscarriage of justice, particularly in a case where the petitioner demonstrates "actual innocence." Schlup v. Delo, 513 U.S. 298, 324-29 (1995) ('[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).) Further, the Ninth Circuit has held that "where an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup gateway and have his constitutional claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 930 (9th Cir. 2011). Schlup requires a petitioner "to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner must show that in light of all the evidence, including evidence not introduced at trial, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (stating that in order to be credible, a claim of actual innocence requires that the petitioner support his allegations of constitutional error with new reliable evidence that was not presented at trial) (quoting Schlup, 513 U.S. at 327).

---

[1] The current petition is not a mixed petition. Petitioner presented the claims in the instant petition to the California Supreme Court, which exhausts the claims set forth in the instant petition. In his request for stay, petitioner identified new claims he appears to be attempting to file in state court. Any new claims, however, would also be time-barred.

Initially, it appears that the evidence of petitioner's ex-wife's death was not newly-discovered.[2] Rather, petitioner's ex-wife died on December 21, 2009. (Dkt. No. 15 at 203.) Sandy, the victim's daughter, notified petitioner of her mother's death by letter written prior to the victim's viewing and funeral. (Dkt. No. 15 at 200-02.) Sandy's letter informed petitioner that his ex-wife fell on cement, and described the ex-wife's subsequent medical treatment and symptoms. (Id.) Moreover, on January 21, 2010, petitioner's sister, Sally Fowler, wrote to petitioner's appellate counsel, advising counsel that petitioner's ex-wife had died, and stating: "In [petitioner's] trial, it was stated that a fall would not have caused Martha injuries, yet in the end it was a fall that caused her death." (Dkt. No. 15 at 198.) Ms. Fowler went on to describe her view of the victim's medical history and how she thought the victim was "very unstable on her feet and required assistance from [petitioner] to get in and out of bed, a car, or just move around the house." (Id.) It was not until February 10, 2010, that appellate counsel signed the petition for review filed in the California Supreme Court. (Dkt. No. 1 at 21-43.)

In addition, rather than fully articulate petitioner's claims under Schlup, petitioner asked the court to review 211 pages of exhibits. (Dkt. No. 13 at 8.) This court is not required to comb the record in order to develop petitioner's argument. See Stuard v. Stewart, 401 F.3d 1064, 1066-67 (9th Cir. 2005).

In an abundance of caution, the court will vacate the March 1, 2012 findings and

---

[2] Title 28 Section 2244(d) (1)(D) provides that the limitations period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. With respect to a claim of newly-discovered evidence, the limitations period begins to run when the petitioner discovers the factual predicate of the claims and not from the discovery of evidence later found to support such claims. Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998); Sorce v. Artuz, 73 F.Supp.2d 292, 294-95 (E.D. N.Y.1999). In addition, the limitations period commences when the factual predicate is known and not when its legal significance is discovered. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner bears the burden of demonstrating the exercise of due diligence in discovering the factual predicate of his claims. If petitioner could reasonably have uncovered the evidence earlier, his claim would be time-barred. Souliotes v. Evans, 622 F.3d 1173, 1175, 1177-80 (9th Cir. 2010) ("[W]e hold that § 2244(d)(1)(D) . . . applies to Souliotes' stand alone innocence claim . . . .")

recommendations, and allow petitioner to file an opposition to respondent's motion to dismiss, including his claim under Schlup.  In addition to addressing the above standards, petitioner should address the issues of equitable tolling and diligence.[3]  Petitioner is cautioned that the court is not inclined to entertain any request for extension of time, and his failure to file an opposition will result in a recommendation that this action be dismissed.

Petitioner need not re-file his exhibits; he may refer to the exhibits previously submitted on March 14, 2012.  However, petitioner must articulate, within his opposition, factual allegations that support his actual innocence claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send petitioner a copy of the March 1, 2012 findings and recommendations (dkt. no. 12);

2. The January 26, 2012 order to show cause (dkt. no. 10) is discharged;

3. The March 1, 2012 findings and recommendations are vacated;

4. Petitioner is granted thirty days in which to file an opposition to the December 15, 2011 motion to dismiss; respondent's reply shall be filed fourteen days thereafter.  Petitioner is cautioned that failure to file an opposition to the motion to dismiss will result in a recommendation that this action be dismissed.

DATED:  April 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rugg2624.vac

---

[3] Petitioner is cautioned that lack of knowledge of the law does not establish "extraordinary circumstances" preventing him from timely filing a federal habeas petition.  The Ninth Circuit has held that a petitioner's pro se status and claims of ignorance of the law are insufficient to justify equitable tolling.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate, but insufficient to establish cause).