IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN ARTHUR RUGGLES,

      Petitioner,                      No. 2:11-cv-2624 KJM KJN P

    vs.

MATTHEW CATE, Director,

      Respondent.                 FINDINGS AND RECOMMENDATIONS

                           /

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Presently before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations.  On May 1, 2012, previously issued findings and recommendations were vacated, and petitioner was granted an additional thirty days in which to file an opposition to the December 15, 2011 motion to dismiss.  More than thirty days have now passed, and petitioner has again failed to file an opposition to the motion to dismiss.  For the reasons set forth below, respondent's motion to dismiss should be granted.

////

////

1

II. Statutory Tolling

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

The relevant chronology of this case is as follows:

1. Petitioner was convicted on May 1, 2008, of corporal injury to his spouse with great bodily injury under circumstances involving domestic violence and causing the victim to become comatose due to brain injury. (Dkt. Nos. 1; 7.) In a bifurcated proceeding, the trial court found petitioner had suffered one prior strike conviction, and a prior serious felony conviction. (Respondent's Lodged Document ("LD") 1-2.) On July 17, 2008, petitioner was sentenced to eighteen years in state prison. (Dkt. No. 1 at 1.)

////

1  2. Petitioner appealed, and on January 13, 2010, the California Court of Appeal, Third Appellate District, affirmed the judgment. (LD 2.)

3. On February 12, 2010, petitioner filed a petition for review in the California Supreme Court. (LD 3.) The California Supreme Court denied the petition for review on March 24, 2010. (LD 4.)

4. On June 18, 2008,[1] petitioner filed a petition for writ of habeas corpus in the Butte County Superior Court. (LD 5.) On June 25, 2008, the petition was denied. (LD 6.)

5. On October 3, 2011, petitioner filed a petition for writ of habeas corpus in the Butte County Superior Court. (LD 7.) The petition was denied on November 4, 2011. (LD 8.)

6. Pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed on October 3, 2011. (Dkt. No. 1.)

The statute of limitations begins to run when the petitioner's criminal judgment becomes final. The California Supreme Court denied the petition for review on March 24, 2010. (LD 4.) Petitioner's conviction became final ninety days later, on June 22, 2010, when the time for seeking certiorari with the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations period began to run the following day, on June 23, 2010. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to file his federal petition was on June 23, 2011.

The limitations period commenced on June 23, 2010. Petitioner's first state court petition was filed on June 18, 2008, prior to the beginning of the limitations period, and therefore does not toll the statute of limitations period. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). Petitioner's second state court petition was filed on October 3, 2011, after the statute of limitations period expired on June 24, 2011. State habeas petitions filed after the one-year

---

[1] Both of the petitions for post-conviction relief are given the benefit of the mailbox rule. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

3

1  statute of limitations period has expired do not revive the statute of limitations and have no

2  tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice,

3  276 F.3d 478, 482 (9th Cir. 2001).

4        Petitioner now concedes that he filed the instant petition after the statute of

5  limitations period expired.  (Dkt. No. 13 at 2.)  Accordingly, this action is time-barred unless

6  petitioner can demonstrate that he is entitled to equitable tolling.

III.  Equitable Tolling

      As noted above, petitioner failed to oppose the instant motion.  In the petition signed October 3, 2011, petitioner states that

> during the past year the [CDCR] has been going through a
> population decrease and [his] personal property was including and
> not limited to all my legal work was packed and stored pending
> transfer of inmates to comply with Federal Court Orders.  Through
> the proper institutional procedures [he] was able to finally track
> down and collect [his] legal property.  [Plaintiff] understand[s] that
> [his] deadline per the "AEDPA" was in fact on March 23, 2011.
> Due to powers beyond [his] control [he] was treated as an inmate
> who wanted access to his personal property, in fact [he] had a
> deadline and hope that [he] may still be accepted by the court.

(Dkt. No. 1 at 14.)  Respondent did not address this argument in the motion to dismiss.

    a.  Legal Standards

      In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances."  To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Ninth Circuit explained:

> To apply the doctrine in "extraordinary circumstances" necessarily
> suggests the doctrine's rarity, and the requirement that
> extraordinary circumstances "stood in his way" suggests that an
> external force must cause the untimeliness, rather than, as we have
> said, merely "oversight, miscalculation or negligence on [the

4

1             petitioner's] part, all of which would preclude the application of
2             equitable tolling.

3 Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal citation omitted),

4 cert. denied, 130 S. Ct. 244 (2009).  It is petitioner's burden to show that he is entitled to

5 equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026

6 (9th Cir. 2005).  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very

7 high, lest the exceptions swallow the rule."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)

8 (citation omitted).  A petitioner may be entitled to tolling if he is denied access to legal papers

9 despite his repeated requests for them.  See, e.g., Espinoza-Matthews, 432 F.3d at 1027-28

10 (equitable tolling applies if, despite the petitioner's diligence in seeking his legal file, he is not

11 provided access during the limitations period); Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir.

12 2002) (if established, denying a prisoner access to his legal files during two temporary transfers

13 which lasted eight days would satisfy the "extraordinary circumstances" requirement for

14 equitable tolling).  However, a "temporary deprivation of an inmate's legal materials does not, in

15 all cases, rise to a constitutional deprivation."  Id. at 925.

16         b.  Analysis

17            While the deprivation of legal materials for a year may constitute "extraordinary

18 circumstances," petitioner must still demonstrate he made reasonably diligent efforts to both

19 obtain his legal materials as well as pursue his rights.  Here, petitioner fails to articulate the

20 specific dates his legal materials were taken from him, and does not set forth what efforts he

21 took, if any, to obtain access to his legal materials during the "past year" petitioner references in

22 the petition.  Prisons have procedures in place to allow inmates to access their legal materials, as

23 well as an administrative grievance system in which to alert prison officials to such a deprivation.

24 Plaintiff fails to allege his efforts, if any, to avail himself of these procedures.

25            Although not entirely clear, it appears petitioner also claims his requests for his

26 property were treated as requests for personal property rather than legal property.  However,

petitioner fails to articulate what steps he took to clear up any such misunderstanding.  Petitioner acknowledges he was aware that there is a one year federal statute of limitations period.  But petitioner fails to articulate facts showing he pursued his rights diligently.  In addition, petitioner provides no factual allegations as to his efforts to pursue his rights during the three months prior to the one year period his legal materials were allegedly packed and stored.  The statute of limitations period commenced on June 23, 2010, and the date of October 3, 2010, is one year prior to the date petitioner signed the petition, leaving a little over three months before petitioner's legal materials were stored for petitioner to pursue habeas relief.  Petitioner provides no facts to support application of equitable tolling for this period of just over three months.

In his prior response to the court's order to show cause, petitioner claimed there was "numerous prejudicial and structural violations that made a timely filing beyond petitioner's reach:  there was multiple claims of ineffective assistance of counsel." (Dkt. No. 13 at 2.)  However, he provided no factual allegations in support of this statement.  On May 1, 2012, petitioner was granted additional time in which to file an opposition, and directed to address the issues of equitable tolling and diligence. (Dkt. No. 16 at 5.)  However, petitioner failed to file such an opposition.

Moreover, as petitioner was advised, lack of knowledge of the law does not establish "extraordinary circumstances" preventing him from timely filing a federal habeas petition.  The Ninth Circuit has held that a petitioner's pro se status and claims of ignorance of the law are insufficient to justify equitable tolling.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate, but insufficient to establish cause).

For all of these reasons, petitioner failed to meet his burden to show that he is entitled to equitable tolling, and this action is barred by the statute of limitations.

V. <u>Actual Innocence</u>

In his response to the order to show cause, petitioner now claims, for the first time, that there is new evidence proving the claims of the petitioner which were previously unavailable at trial, and that petitioner therefore has a claim of "actual innocence and/or miscarriage of justice." (Dkt. No. 13 at 2.) As noted in this court's May 1, 2012 order, it appears that petitioner contends that the fact that his ex-wife died from a fall in 2009 demonstrates that rather than being beaten by petitioner, his ex-wife could have similarly fallen in 2008, as petitioner contended at trial. Petitioner provided a photocopy of the victim's death certificate; petitioner's ex-wife died on December 21, 2009 of an acute intracerebral hemorrhage and an accidental fall. (Dkt. No. 15 at 203.) Petitioner provided a photocopy of a letter from Sandy, the victim's daughter, who notified petitioner of her mother's death by letter written prior to the victim's viewing and funeral. (Dkt. No. 15 at 200-02.) Sandy's letter informed petitioner that his ex-wife fell on cement, and described the ex-wife's subsequent medical treatment and symptoms. (<u>Id</u>.) Moreover, petitioner provided a photocopy of a January 21, 2010 letter written by petitioner's sister, Sally Fowler, to petitioner's appellate counsel, advising counsel that petitioner's ex-wife had died, and stating: "In [petitioner's] trial, it was stated that a fall would not have caused Martha['s] injuries, yet in the end it was a fall that caused her death." (Dkt. No. 15 at 198.) Ms. Fowler went on to describe her view of the victim's medical history and how she thought the victim was "very unstable on her feet and required assistance from [petitioner] to get in and out of bed, a car, or just move around the house." (<u>Id</u>.)

The Supreme Court has held that a court may consider an otherwise procedurally defaulted claim for habeas relief if the court's failure to hear the claim will result in a miscarriage of justice, particularly in a case where the petitioner demonstrates "actual innocence." <u>Schlup v. Delo</u>, 513 U.S. 298, 324-29 (1995) ('[A]ctual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).) Further, the Ninth Circuit has held that "where an otherwise time-barred habeas petitioner demonstrates that it is

7

1  more likely than not that no reasonable juror would have found him guilty beyond a reasonable
2  doubt, the petitioner may pass through the Schlup gateway and have his constitutional claims
3  heard on the merits." Lee v. Lampert, 653 F.3d 929, 930 (9th Cir. 2011). Schlup requires a
4  petitioner "to support his allegations of constitutional error with new reliable evidence -- whether
5  it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical
6  evidence -- that was not presented at trial." Schlup, 513 U.S. at 324; Griffin v. Johnson, 350
7  F.3d 956, 962-63 (9th Cir. 2003) (Schlup's "new reliable evidence" threshold requires only
8  "newly presented evidence," that is, evidence which was not presented at trial.) Petitioner must
9  show that in light of all the evidence, including evidence not introduced at trial, "it is more likely
10 than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."
11 Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (stating that in order to be credible, a claim of
12 actual innocence requires that the petitioner support his allegations of constitutional error with
13 new reliable evidence that was not presented at trial) (quoting Schlup, 513 U.S. at 327). In
14 considering this new evidence, the court is not bound by the rules of admissibility. Id., at 316.

15         First, the court notes that rather than articulate petitioner's claims under Schlup,
16 petitioner asked the court to review 211 pages of exhibits. (Dkt. No. 13 at 8.) This court is not
17 required to comb the record in order to develop petitioner's argument. See Stuard v. Stewart,
18 401 F.3d 1064, 1066-67 (9th Cir. 2005) ("The procedural default argument is waived because it
19 is not briefed."). Moreover, despite being granted leave to file an opposition to fully address
20 these new claims under Schlup (dkt. no. 16 at 3-4), petitioner did not file such an opposition.

21         Second, petitioner concedes that his ex-wife "said both that petitioner hit her and
22 [that she] sustained [her injuries] in a fall." (Dkt. No. 15 at 8.) Petitioner admits that he argued
23 at trial that his ex-wife sustained her injuries during a fall rather than from petitioner's own hand.
24 Thus, the jury received evidence that the victim was injured in a fall, yet decided that the victim
25 was injured by petitioner rather than from injuries sustained from a fall. Indeed, at the Marsden
26 hearing after the jury verdict, petitioner's defense counsel noted that "the entire allegation of

what happened to Martha [the victim] depended on what Martha said in front of the jury. I think Martha came through loud and clear that [petitioner] had assaulted her." (Dkt. No. 15 at 42.) The jury found petitioner guilty despite the defense eliciting on rebuttal her statement that petitioner "wouldn't hurt her." (Dkt. No. 15 at 44-45.) Thus, that petitioner's ex-wife victim subsequently died from a fall does not demonstrate that it is more likely than not that no reasonable juror would have found petitioner guilty of domestic violence beyond a reasonable doubt.

Third, to the extent that petitioner contends that his ex-wife's subsequent death from a fall "exactly" like the fall petitioner contended inflicted the earlier injuries at issue here means that the new evidence would tip the scale in petitioner's favor, such a theory is speculative and conclusory. Petitioner claims that his ex-wife's death occurred exactly as petitioner said she was previously injured. (Dkt. No. 14 at 8.) But the court is unable to make such an assumption from the proposed evidence submitted by petitioner. The circumstances of the victim's final fall are not included, and petitioner offered no facts supporting his claim that the falls were "exactly" the same. Moreover, the fact that the victim later died from a fall does not preclude the jury's finding that petitioner injured the victim on an earlier occasion. Falls differ in circumstance and cause. As noted in Ms. Fowler's letter, evidence was adduced at trial that the victim's injuries would not have been caused by a fall. (Dkt. No. 15 at 198.) But more importantly, the subsequent fall would have no bearing on the victim's own testimony that petitioner assaulted her. Thus, the proposed new evidence, taken with the evidence adduced at trial, would not lead a reasonable juror to conclude that petitioner did not commit domestic violence on the victim.

Accordingly, petitioner has not met his burden under <u>Schlup</u>, and the petition is untimely.

////

////

////

VI. Conclusion

Accordingly, respondent's motion to dismiss should be granted.

IT IS HEREBY RECOMMENDED that:

1. Respondent's December 15, 2011 motion to dismiss (dkt. no. 7) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rugg2624.mtda